# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

UNITED STATES OF AMERICA      PLAINTIFF

     v.      No. 3:13-cv-1102-BJB

LARRY H. JOEL ET AL.      DEFENDANTS

\* \* \* \* \*

## OPINION & ORDER GRANTING MOTION FOR ORDER OF SALE & APPOINTMENT OF RECEIVER

This case now approaches the end of a long and winding journey. After twelve years of litigation before five different judges, this Court entered summary judgment for the United States on its efforts to adjudicate the property interests of Larry Joel's home. DN 214. With those interests resolved, the United States wants to force the sale of Joel's home to collect back taxes stemming from his previous tax delinquency and years of failed repayment. DN 215.

The federal tax code grants broad discretion to district courts to order the sale of property to satisfy tax liability and appoint a receiver to carry out that sale. *See* 26 U.S.C. § 7403(c)–(d). Joel has not filed any opposition to the United States' motion, and this Court's 21-day window for such a response has long passed. *See* W.D. KY. LOCAL R. 7.1(c). Nevertheless, Joel signaled his objection to the motion for the first time during a December 2 hearing, arguing (yet again) that his son is a necessary party whose interest in the property bars the Court from granting the motion.

But the Court already rejected this argument at the summary-judgment stage. *See* Opinion (DN 214) at 11–12 & n.3. And his son *still* has not appeared in this lawsuit to assert his rights to the property or otherwise object to the sale. The existence of a hypothetical but absent third-party objector is no basis to delay foreclosure any longer.

So the sale will proceed. The Government asks the Court to appoint a receiver—Kristin Lally of Re/Max—to conduct the sale in order to maximize recovery to the federal treasury. DN 215-1 at 3. Congress has authorized trial courts to do so under 26 U.S.C. § 7403(d), which provides that courts "may appoint a receiver to enforce [a] lien." Given that discretion, the obvious utility of a realtor's assistance,

and the lack of any specific or timely objection, the Court grants the United States' motion for order of sale and appointment of a receiver.

The Government's proposed order, however, goes further than the appointment of a receiver. It also imposes affirmative obligations on Joel, as the tax debtor, that don't obviously flow from § 7403's authorization to "decree a sale of such property." The United States has not identified any more specific basis to impose on Joel personal obligations to maintain insurance, Proposed Order (DN 215-2) ¶ 8, or potentially pay a break-up fee and reimbursement of out-of-pocket expenses, ¶ 13. So the Court will not impose these additional conditions on Joel absent a further showing of necessity and statutory authorization.

With respect to these rejected obligations, however, Dr. Joel and all other interested parties should *not* understand the Court to tolerate any interference whatsoever in the orderly sale of the Government's asset. Should the Government, its receiver, or any other entity suffer damages or prejudice as the result of any interference with the execution of the Court's order, that party may promptly petition the Court for appropriate redress.

## ORDER

Consistent with this opinion and the attached proposed order, as revised, the Court grants the United States' motion for order of sale and appointment of a receiver (DN 215). This is a final judgment.

Benjamin Beaton, District Judge

United States District Court

December 30, 2025

2